[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
After a full hearing on April 12, 2001, the court finds the following facts to be true.
The defendant owned a building located at 11 Williams Street, New London, Connecticut. He was in possession and control of the building and an adjacent driveway. On January 19, 1997, the plaintiff and a friend, Alfreda Beazley, arranged to meet the defendant at the premises to view an apartment. They arrived at about 6:30 pm. The defendant led them through the driveway to the rear of the building. There was a large van truck parked to the right of the driveway with about three feet between it and the building. The driveway was dark. The defendant went first, followed by Beazley and then the plaintiff. The plaintiff struck his left knee on a furnace vent that protruded from the building.
The defendant claimed that there was adequate lighting from inside the building and that he warned the plaintiff to be careful. Both the plaintiff and Beazley testified that there was no light in the driveway. They also denied that the defendant warned the plaintiff.
The court finds the testimony of the plaintiff and Beazley to be the more CT Page 5066 credible evidence.
The plaintiff alleged and proved that the defendant was negligent in that he failed to provide adequate lighting in the driveway and in that he failed to warn the plaintiff about the protruding vents.
The defendant filed a special defense claiming that the plaintiff was negligent. This was not proven. The court, therefore, finds for the plaintiff on the issue of liability.
After striking his knee, the plaintiff felt pain and had swelling in his left knee. He went to Lawrence Memorial Hospital the following day where he was treated and referred to Dr. William R. Cambridge, an orthopedic surgeon. He had surgery on the knee on June 5, 1997 for two tears of the medial meniscus. He presently suffers pain and weakness in the knee. He can no longer play golf or bowl.
The court finds the economic damages to be $9,157.99 in medical bills and $250 in lost wages for the two days he lost from work at the time of the surgery, total economic damages $9,407.99.
The court awards $65,000.00 in noneconomic damages for pain, suffering and disability. The court does not award any damages for permanent disability because there was no evidence of the same.
Total judgment $74,407.99.
D. Michael Hurley, Judge Trial Referee